IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON ) <br> f/k/a The Bank of New York, as Successor ) <br> Indenture Trustee to JPMorgan Chase Bank, ) <br> N.A., as Indenture Trustee on Behalf of the ) <br> Noteholders of the CWHEQ INC, CWHEQ ) <br> Revolving Home Equity Loan Trust, Series ) <br> 2005-G, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY I. LAMB, THE COURTYARD ) <br> ASSOCIATION, INC., BULLHEAD ) <br> INVESTMENTS, LLC, COASTAL ) <br> ANESTHESIA MEDICAL GROUP, LLC; ) <br> TRUIST BANK s/b/m to Branch Banking ) <br> and Trust Company s/b/m to Coastal Federal ) <br> Bank, and DOLPHIN INVESTMENTS, ) <br> INC., ) <br> ) <br> Defendants. ) | Case No.: 4:22-cv-01952-JD <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 11.)  Plaintiff The Bank of New York Mellon ("Plaintiff") initially filed this foreclosure action against Defendants on November 19, 2021, in the Horry County Court of Common Pleas.  (DE 12-2.)  Defendant Nancy I. Lamb ("Defendant" or "Lamb") proceeding *pro se* removed the action to this Court on June 21, 2022,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

pursuant to 28 U.S.C. § 1441 asserting diversity jurisdiction under 28 U.S. C. § 1332. (DE 1.) Presently before the Court is Plaintiff's Motion to Remand. (DE 12.) Plaintiff contends, among other reasons, that Lamb's removal was untimely pursuant to 28 U.S.C. § 1446(b) and, therefore, this matter should be remanded to State court.

The Magistrate Judge issued a Report on November 2, 2022, recommending this action be remanded because "[t]he record reflects that Lamb was served with the complaint on November 23, 2021, and did not remove the action to this court until June 21, 2022, long past the 30-day deadline." (DE 24, p. 3.) On November 21, 2022, Lamb filed an objection to the Report (DE 26) and Plaintiff has filed a response (DE 28) thereto. To be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds Lamb's objections do not address an issue that is at the heart of this dispute (i.e., whether Lamb's removal was timely). Rather, Lamb's objections argue that Plaintiff's service on her was "improper, untimely and in violation of Consumer Financial Protection Bureau ("CFPB") 86 Fed. Reg. 34,848 (June 21, 2021)." (DE 26, p. 1.) However, this argument does not address the delay in removal; therefore, it is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 24) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand (DE 12) is granted, and this case is remanded to the Court of Common Pleas, Horry County, South Carolina.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 29, 2022

### NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.